Anderson *v.* State.

4694                                                    252 S. W. 2d 615

Opinion delivered November 24, 1952.

*Brockman & Brockman,* for appellant.

*Ike Murry,* Attorney General, and *Dowell Anders,* Assistant Attorney General, for appellee.

Minor W. Millwee, Justice. The defendant, S. J. Anderson, was charged with murder in the second degree in the killing of L. J. Avery, a seventeen-year-old boy. He was found guilty of voluntary manslaughter and his punishment fixed at five years in the penitentiary.

According to the testimony on behalf of the State Anderson, who was 30 years old, Avery and three companions were engaged in a dice game in a shed behind a cafe located on the Princeton Pike several miles from Pine Bluff, Arkansas, about midnight on December 7,

1951. After the Avery boy had lost three or four dollars, he caught or "hung" the dice and asserted that he wanted financial assistance from the others in order to stay in the game. When this assistance was refused, he announced that nobody would "shoot" the dice. A violent quarrel between Avery and the defendant followed. When Avery struck at the defendant with a Coca-Cola box, the latter grabbed him. After a brief scuffle Avery ran from the shed into the darkness with the defendant in hot pursuit. The defendant returned to his car, which was parked near the shed, a few minutes later with a knife in his hand. When a companion asked him whether he caught the Avery boy and did anything to him, defendant replied, "I goosed him to get aloose from him." The defendant and his companion then left the scene in the defendant's automobile.

Avery's body was found the next morning about 100 yards from the shed. The deputy coroner who examined the body at that time found a knife wound in Avery's chest and one in his back. Either of said wounds could have caused his death which had occurred eight or ten hours prior to the examination.

In his testimony the defendant admitted the struggle inside the shed, but denied that he chased Avery outside. He stated that Avery raised his hand to strike the defendant with a knife as defendant started out the door, that he caught hold of Avery's wrist and after a struggle wrenched the knife out of his hand and that Avery then fled. The effect of his testimony was to deny that he intentionally struck Avery with the knife.

When viewed in the light most favorable to the State, the evidence is sufficient to sustain a conviction for a higher degree of homicide than voluntary manslaughter.

On his own motion the trial judge gave several instructions on self-defense. In instruction No. 12 the jury were told that even though the defendant was acting in self-defense at the beginning of the difficulty, still if the jury found beyond a reasonable doubt that "at the time the defendant stabbed the deceased" the defendant

was in no danger, apparent to him, of losing his life or receiving great bodily harm at the hands of the deceased, then defendant would be guilty of some degree of homicide as explained in the instructions.

There was only a general objection to the instruction. The defendant now argues that the instruction erroneously assumed that he stabbed the deceased when there is no testimony in the record to support this assumption. The evidence, though partly circumstantial, shows almost conclusively that defendant did stab the deceased. As previously indicated, the effect of defendant's testimony was that if he did cut the deceased it was unintentional and in his own self-defense. Instructions on self-defense are usually framed on the assumption that the defendant did the killing. Instruction No. 12 was not inherently defective as an instruction on self-defense. If the defendant felt that the instruction contained an erroneous assumption, the objectionable language should have been met by a specific objection. If this had been done, the court would doubtless have modified the instruction to eliminate the objection now urged. See *Edwards* v. *State,* 180 Ark. 363, 21 S. W. 2d 850. The other instructions given on self-defense have been approved by this court in many cases.

The court also gave instruction No. 14 at the request of the defendant. It reads: "If you find from the evidence that the deceased, Avery, and the defendant, Anderson, became involved in an argument in a room where a dice game was in progress and that deceased assaulted the defendant, Anderson, that thereafter the deceased, Avery, renewed the difficulty and assaulted Anderson with an open knife; that Anderson seized Avery's hand and a struggle ensued; and if you find that while they struggled for possession of the knife, deceased rushed or fell against said knife, causing his injury and death, as shown by the evidence, you will acquit the defendant." This instruction was more favorable to the defendant than the evidence, when considered in the light most favorable to him, warranted. There is nothing in the record to indicate that any prejudice resulted to the

defendant from the objectionable language of instruction No. 12, which could and should have been reached by a specific objection.

We have considered other assignments of error which are not argued and find them to be without merit.

The judgment is affirmed.